## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| LUWANDA L. SHORTS, | : |
| Plaintiff, | : |
| vs. | : Civil Action Number: |
| RIVER GAS STATION INCORPORATED and AMIN A. PANJWANI, | : |
| | : **Jury Trial Demanded** |
| Defendants. | : |

## COMPLAINT

COMES NOW, LUWANDA L. SHORTS, Plaintiff above, (hereafter "Plaintiff") by and through the undersigned counsel and files her Complaint showing the Court as follows:

## INTRODUCTION

1.

Plaintiff was employed by Defendants River Gas Station Incorporated and Amin A. Panjwani at 5631 W Fayetteville Rd, Atlanta, GA 30349 from June 10, 2010 until July 21, 2010.

2.

Plaintiff brings this action under the Fair Labor Standards Act of 1938 (as

amended), 29 U.S.C. § 201 et seq., (hereinafter "FLSA") to recover (1) receive the minimum wage that was denied her and an additional amount as liquidated damages; (2) the overtime wage that was denied her and an additional amount as liquidated damages and (3) her costs of litigation, including her reasonable attorneys' fees.

3.

In addition to her federal causes of action, Plaintiff asserts pendent state law claims which arise out of the same set of operating facts as her federal claims. These are (1) breach of contract, (2) quantum meruit and (3) promissory estoppel.

## JURISDICTION AND VENUE

4.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution; FLSA §16(b), 29 U.S.C. §216(b); 28 U.S.C §§1331 and 1337, because this case arises under the FLSA, a federal statute that affects interstate commerce.

5.

This Court has supplemental jurisdiction over Plaintiff's state law claims set forth herein arising under Georgia law in accord with 28 U.S.C. §1367 because the state law claims are so related to the federal claims that they form part of the same

case or controversy.

6.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. §1391 because Defendants are located in this judicial district and all the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

7.

Plaintiff resides within DeKalb County, Georgia.

8.

From June 10, 2010 until July 21, 2010, Plaintiff was an "employee" as defined in the FLSA §3(e)(2)(C), 29 U.S.C. §203(e)(2)(C).

9.

At all times material hereto, Plaintiff has been an employee covered by the FLSA and entitled to the minimum wage and overtime protections set forth in FLSA §§6 and 7(c), 29 U.S.C. §§206, 207(c).

10.

At all times material hereto, River Gas Station, Incorporated, has been a corporation organized under the laws of the State of Georgia.

11.

At all times material hereto, River Gas Station, Incorporated has been an "employer" as defined in FLSA §3(d), 29 U.S.C. §203(d), and an "enterprise engaged in commerce" as defined in FLSA §3(s)(1)(C), 29 U.S.C. § 203(s)(1)(C).

12.

Defendant River Gas Station, Incorporated is subject to the personal jurisdiction of this Court.

13.

Defendant River Gas Station, Incorporated may be served with process through its registered agent, Amin Abdul Panjwani at 615 Croydon Lane, Alpharetta, Fulton County, Georgia 30022.

14.

From or about June 1, 2010 through July 20, 2010, Plaintiff was employed by Defendants.

15.

Plaintiff was an employee within the meaning of the FLSA at all times from or about June 1, 2010 through July 20, 2010.

16.

From June 1, 2010 through July 20, 2010, Defendants failed to pay Plaintiff

at or above the minimum wage as established in accordance with the FLSA.

17.

From June 1, 2010 through July 20, 2010, Plaintiff regularly worked in excess of forty hours each week.

18.

Defendants failed to compensate Plaintiff at one and one half times her regular rate for work in excess of forty hours in any week from June 1, 2010 through July 20, 2010.

19.

Plaintiff and Defendants were parties to an employment agreement whereby Defendants agreed to pay Plaintiff a minimum salary of $9.00 per hour.

20.

Defendants failed to pay Plaintiff for time worked at $9.00 per hour.

21.

Plaintiff has demanded payment of the back wages referenced in paragraph 20 above.

22.

Defendants have refused to pay Plaintiff the back wages referenced in paragraph 20 above.

**COUNT I**     **FAILURE TO PAY PLAINTIFF MINIMUM WAGE IN VIOLATION OF THE FLSA**

23.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

24.

From June 1, 2010 through July 20, 2010, Defendants willfully failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

25.

As a result of underpayment of minimum wage as alleged above, Defendants are liable to Plaintiff in an amount of $1,013.91, in accordance with FLSA § 16(b); 29 U.S.C. §216(b).

26.

Plaintiff is entitled to liquidated damages of $1,013.91 in addition to the minimum wage compensation alleged above in accordance with FLSA §16 (b); 29 U.S.C. §216(b), because Defendants have willfully and repeatedly violated the FLSA.

27.

Plaintiff is entitled to recover her attorneys' fees and costs of litigation from

Defendants in accordance with FLSA §16 (b); 29 U.S.C. §216(b).

**COUNT II          FAILURE TO PAY PLAINTIFF OVERTIME IN VIOLATION OF THE FLSA**

28.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this Paragraph.

29.

From June 1, 2010 through July 20, 2010, Defendants failed to pay Plaintiff at one and a half times her regular rate for all work done on behalf of Defendants in excess of forty hour in any week.

30.

From June 1, 2010 through July 20, 2010, Defendants willfully failed to pay Plaintiff at one and a half times her regular rate for work in excess of forty hours in any week.

31.

As a result of the underpayment of overtime compensation as alleged above, Defendants are liable to Plaintiff in an amount of $296.10, in accordance with FLSA §16 (b), 29 U.S.C.

32.

Plaintiff is entitled to liquidated damages of $296.10 in addition to the

overtime compensation alleged above in accordance with FLSA §16 (b), 29 U.S.C. §216(b), because Defendants have willfully and repeatedly violated the FLSA.

33.

Plaintiff is entitled to recover her attorneys' fees and costs of litigation from Defendants in accordance with FLSA §16 (b); 29 U.S.C. §216(b).

**COUNT III         BREACH OF CONTRACT**

34.

The allegations contained in Paragraphs 1 through 33 above are incorporated by reference as if fully set out herein.

35.

Plaintiff and Defendants were parties to a contract of employment (hereafter "the Contract") from on or about June 1, 2010 through July 20, 2010.

36.

The Contract provided that Defendants would pay Plaintiff $9.00 per hour for work that was performed by Plaintiff on behalf of and for the benefit of Defendants.

37.

Defendants' failure to pay Plaintiff for work performed from on or about June 1, 2010 through July 20, 2010 constitutes a material breach of the Contract.

38.

As the direct and foreseeable result of this breach, Plaintiff has sustained and continues to sustain damages in the amount of $483.00.

**COUNT IV        QUANTUM MERIUT**

39.

The allegations contained in Paragraphs 1 through 38 above are incorporated by reference as if fully set out in this Paragraph.

40.

From June 1, 2010 through July 20, 2010, Plaintiff worked for Defendants.

41.

Plaintiff's service for Defendants as described above was valuable to Defendants.

42.

Defendants requested Plaintiff's services.

43.

Defendants knowingly accepted Plaintiff's service as their employee.

44.

The receipt of Plaintiff's services by Defendants without compensation would be unjust.

45.

Plaintiff expected to be compensated at the time she provided her services as an employee for Defendants.

46.

Plaintiff is entitled to a recover from Defendant the reasonable value of the services she provided or Defendants, in the amount of $483.00.

**COUNT V**          **PROMISSORY ESTOPPEL**

47.

The allegations contained in Paragraphs 1 through 46 above are incorporated by reference as if fully set out in this Paragraph.

48.

In June 2010, Defendants promised to pay Plaintiff in return for Plaintiff's service as an employee for them.

49.

Defendants should have reasonably expected that Plaintiff would induce action in reliance of said promise, i.e., serve as an employee for Defendants.

50.

Defendants' promise induced Plaintiff to act in reliance thereof, i.e., to serve as an employee for Defendants, to her detriment.

51.

Plaintiff's service for Defendants conferred a benefit on Defendants.

52.

Defendants failed to pay Plaintiff in accordance with their promise.

53.

Plaintiff relied on Defendants' promise.

54.

Plaintiff's reliance on Defendants' promise was reasonable.

55.

Justice can only be avoided by enforcement of Defendants' promise.

56.

Plaintiff is entitled to a recover from Defendants the reasonable value of the services she provided as an employee for Defendants, in the amount of $483. 00.

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff's claims be tried before a jury;

2. That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid minimum wage from on or about June 1, 2010 through July 20, 2010 due under the FLSA, plus an additional like amount in liquidated damages due because of the Defendants' willful and repeated

disregard for their obligations and Plaintiff's rights under the FLSA, plus prejudgment interest thereon;

3. That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA from on or about June 1, 2010 through July 20, 2010, plus an additional like amount in liquidated damages due because of the Defendants' willful and repeated disregard for their obligations and Plaintiff's rights under the FLSA, plus prejudgment interest thereon;

4. That Plaintiff have and recover judgment against Defendants $483.00 for the pendent state claims herein asserted.

5. That Plaintiff be awarded her costs of litigation, including his reasonable attorneys' fees from Defendants; and

6. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

*s/ Kevin D. Fitzpatrick, Jr.*  
Kevin D. Fitzpatrick, Jr.  
Ga. Bar No. 262375  
3100 Centennial Tower  
101 Marietta Street  
Atlanta, GA 30303  
(404) 979-3171  
(404) 979-3170 (f)  
kevin.fitzpatrick@dcnblaw.com  
Counsel for Plaintiff  

*s/ Charles R. Bridgers*  
Charles R. Bridgers  
Ga. Bar No. 080791  
3100 Centennial Tower  
101 Marietta Street  
Atlanta, GA 30303  
(404) 979-3150  
(404) 979-3170 (f)  
charlesbridgers@dcnblaw.com  
Counsel for Plaintiff

## CERTIFICATE OF COUNSEL

Pursuant to N.D. Ga. R. 7.1, the below signatory attorney certifies that the foregoing pleading was prepared with Times New Roman (14 point), one of the fonts and point selections approved by the Court in N.D. Ga. R. 5.1 C.

/s/Kevin D. Fitzpatrick, Jr.,
Kevin D. Fitzpatrick, Jr.
Ga. Bar No. 262375
Counsel for Plaintiff